*Page 1 of 2*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case No: 3:03cr140/RV
   3:05cv146//RV/MD

MITCHELL JACKSON SEALE, III

**REPORT AND RECOMMENDATION**

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 403). On his motion, defendant indicates that he was convicted in this court on April 23, 2004 of conspiracy to possess with intent to distribute cocaine and that his appeal is still pending. While a direct appeal is pending, this court lacks jurisdiction to consider and rule on the defendant's § 2255 motion. *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001). Therefore, his motion must be dismissed without prejudice to his right to refile after the disposition of his direct appeal. *Id*. at 1330; *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). This right to refile, of course, is subject to time limitations and the ordinary procedural or jurisdictional requirements that apply to such motions.[1]

---

[1] It appears that defendant may have filed the instant motion out of concern that his § 2255 motion not be time-barred. However, pursuant to § 2255, the one year limitation period does not begin to run until the defendant's judgment of conviction becomes final, and due to the pendency of his appeal, his conviction has not yet become final.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 403) be summarily DISMISSED without prejudice due to the pendency of defendant's direct appeal.

At Pensacola, Florida, this 26th of April, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).